# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ANGELLA STREETER<br>5914 Grant Run Estates Drive<br>Grove City, Ohio 43123 | : <br> : <br> : <br> : | CIVIL ACTION NO. 17cv1125 |
| **Plaintiff,** | : <br> : <br> : | **JUDGE** |
| v. | : <br> : <br> : | **MAGISTRATE JUDGE** |
| ADAPTASOFT, INC.<br>330 North Market Street<br>Monon, Indiana 47959 | : <br> : <br> : <br> : <br> : | **JURY DEMAND ENDORSED HEREON** |
| **Defendant.** | : | |

## COMPLAINT

**I.  Preliminary Statement**

1. Plaintiff Angella Streeter ("Plaintiff" or "Ms. Streeter") brings this action against Defendant Adaptasoft, Inc. ("Adaptasoft") for monetary, declaratory, and injunctive relief due to its willful failure to compensate her with overtime pay in violation of the Federal Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201, et seq., and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio R.C. Ch. § 4111.01 *et seq*., resulting from misclassifying Ms. Streeter as an exempt executive and/or exempt administrative employee pursuant to 29 U.S.C. § 213(a)(1), and suffering or permitting her to work overtime without being paid at the rate of one and one-half times the regular rate of pay for the hours worked over 40 each work week. Although at times Ms. Streeter was referred to as a Customer Relations Manager, according to her employment agreement, her title was Client Care Specialist/Admin Support.

1

## II. Jurisdiction and Venue

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1337(a) (statutory regulation of commerce) and 29 U.S.C. § 216 (b).

3. This Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. §1367.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and S.D. Ohio Civ. R. 82.1 because Adaptasoft employed Plaintiff in Franklin County, Ohio, within the Southern District of Ohio.

## III. Parties

5. Plaintiff Angella Streeter was employed by Adaptasoft as a Client Care Specialist/Admin Support from November 2, 2015 through March 15, 2017. Ms. Streeter is a citizen of the United States and an Ohio resident, and at all times relevant herein, was an employee within the meaning of 29 U.S.C. § 203(e) and OMFWSA.

6. Defendant "Adaptasoft" is an Indiana corporation which provides technical payroll support services to businesses by designing payroll software programs used to enter, report, and process payroll data. Adaptasoft conducted business in the State of Ohio and in Franklin County, Ohio, maintaining virtual offices located at employees' residences, with Plaintiff employed at her residence in Grove City, Ohio. Adaptasoft employed approximately 20 employees, working primarily in Ohio, Indiana, and Kentucky, and has an annual gross revenue of in excess of $500,000.00. At all times relevant herein, Adaptasoft was an "employer" and an "enterprise regularly engaged in interstate commerce" as defined within the meaning of 29 U.S.C. § 203 and an "employer" within the meaning of the OMFWSA, R.C. §4111.01(C).

## IV. Factual Allegations

7. Plaintiff was initially hired by Adaptasoft as a Client Care Specialist/Admin Support on November 2, 2015. She was hired for the position by Adaptasoft Chief Executive Officer (CEO) and President Constance Martin.

8. During her employment with Adaptasoft, all Adaptasoft employees, including Ms. Streeter, reported directly to CEO Martin.

9. As a Client Care Specialist/Admin Support, Ms. Streeter's primary job duties consisted of providing customer service to clients, answering telephone calls and emails; making travel and hotel arrangements for staff and visitors; ordering business cards; mailing holiday cards to clients; and creating power point slides as directed. She further provided administrative support to the technical staff by answering telephone calls from clients experiencing technical issues, recording the technical issue, and referring it to the technical staff as appropriate. She also updated information on the company website and social media platforms.

10. While at Adaptasoft, Ms. Streeter worked alongside two co-workers, Darla Tanner and Rebecca Semrau. Ms. Tanner was employed by Adaptasoft for several months, from approximately September 2016 through November 2016. Ms. Semrau was hired by CEO Martin after Ms. Streeter began her employment at Adaptasoft, where she is currently employed.

11. Ms. Streeter did not recruit, select, hire, or determine starting salaries, pay scales, or job classifications for Ms. Tanner, Ms. Semrau or any other employee of Adaptasoft, and these functions were not a part of her job duties.

12. Ms. Streeter did not have the authority to establish performance standards and measurements, determine criteria for performance evaluations, complete performance evaluations, determine the amount and schedule for salary increases, or discipline Ms. Tanner or

Ms. Semrau, or any other employee of Adaptasoft; Ms. Streeter did not perform these functions; and they were not a part of her job duties.

13. On two isolated occasions Ms. Streeter observed mentoring sessions conducted by CEO Martin with Ms. Semrau; conducting or observing mentoring sessions were not part of Ms. Streeter's job duties.

14. Ms. Streeter did not have the authority to terminate Ms. Semrau, Ms. Tanner or any Adaptasoft employee. Although CEO Martin discussed the termination of Ms. Tanner with her before Ms. Tanner was terminated, her input was not given significant weight.

15. Ms. Streeter did not customarily and regularly control or direct the workload of Ms. Tanner or Ms. Semrau.

16. Ms. Streeter, Ms. Tanner and Ms. Semrau, worked as a team and redistributed work amongst themselves depending on their respective workloads. As an example, Ms. Streeter occasionally distributed some of her work to Ms. Tanner and Ms. Semrau to lessen her workload. In turn, Ms. Tanner and Ms. Semrau occasionally distributed some of their work to Ms. Streeter to lessen their workloads. Ms. Streeter had no authority to compel Ms. Tanner or Ms. Semrau to accept or complete work that she occasionally shared with them.

17. Ms. Streeter did not have access to the personnel files, performance evaluations, or salary records of Ms. Tanner or Ms. Semrau or any other employee of Adaptasoft.

18. Ms. Streeter did not determine, approve, or budget for equipment and machinery used by Ms. Tanner, Ms. Semrau, or any employee of Adaptasoft.

19. During her time with Adaptasoft, Ms. Streeter did not at any time customarily and regularly direct or control the work of at least two or more other full-time employees or their equivalent.

20. During the time periods of her employment during which Ms. Tanner was not employed by Defendant, Ms. Streeter did not customarily and regularly direct or control the work of at least two or more other full-time employees or their equivalent.

21. During her time with Adaptasoft, Ms. Streeter's job duties were mostly clerical or customer service in nature. For example, Ms. Streeter's responsibility for Adaptasoft's social media marketing consisted of posting employee pictures, holiday greetings, general company announcements, and links to articles on Facebook, Twitter, and LinkedIn, as directed by CEO Martin. Ms. Streeter did not have discretion to determine the content of social media postings on matters of significance or financial import.

22. Ms. Streeter was responsible for the monitoring of Adaptasoft's company website to ensure information remained current, by entering updated information. Although she occasionally coordinated with a consultant to assist in page development, she did so only as directed by CEO Martin.

23. Ms. Streeter's primary job duties did not include making IT decisions regarding matters of significance, such as choosing which social media platforms Adaptasoft would utilize, determining the design of the website, or hiring outside service providers to provide website design, SEO, or management services.

24. Ms. Streeter's interactions with customers were generally limited to asking basic questions, determining customer satisfaction, and referring technical problems to other employees.

25. During her time with Adaptasoft, Ms. Streeter's primary job duties did not include exercising discretion and independent judgment regarding matters of significance.

26. Ms. Streeter did not participate in research and development efforts regarding

Adaptasoft's product line.

27. During her time with Adaptasoft, Ms. Streeter had no role in establishing prices for Adaptasoft's services.

28. During her time with Adaptasoft, Ms. Streeter had no role in the creation, development, or maintenance of Adaptasoft products.

29. During her time with Adaptasoft, Ms. Streeter did not have the discretion to exercise judgment in matters of significance to the sales operation.

30. Ms. Streeter did not have profit and loss accountability for Adaptasoft's business Operations, and her job performance was not evaluated based on profit and loss results.

31. On an isolated occasion, October 20, 2016, Ms. Streeter was specifically directed by Ms. Martin to sign a contract with PosterElite on Adaptasoft's behalf. The subject matter of the October 20, 2016 contract with PosterElite, signed by Ms. Streeter on Ms. Martin's behalf, was the purchase of labor law compliance posters, at a maximum price of $20.50 per poster plus shipping costs, discounted to a minimum price of $5.00 per poster depending on the quantity ordered. The contract, representing the entirety of the Agreement per paragraph 12.3, did not require a minimum purchase or sale of posters, and was not a matter of financial significance in running Adaptasoft's business operation.

32. Ms. Streeter had no authority or discretion to exercise independent judgment in making decisions regarding the selection of or contractual relations with vendors that Adaptasoft used or discontinued using, and vendor selection was not a part of her job duties.

33. Ms. Streeter's primary job duties did not include exercising independent judgment on matters of significance regarding the two annual conferences that were held during the time she was employed at Adaptasoft.

34. Ms. Streeter provided administrative support for Adaptasoft's annual user conferences by collecting registration material, making travel arrangements for participants, setting up supplies in the company booth, and publishing program advertisements as directed.

35. During her last few months of employment at Adaptasoft, Ms. Streeter agreed to serve as secretary on the Adaptasoft Board of Directors to fill a vacancy. There were no board meetings during her time as secretary, and Ms. Streeter did not attend any board meetings during the time she was employed at Adaptasoft.

36. At all times material to this Complaint, Ms. Streeter regularly worked in excess of 40 hours per week.

37. On the average, Ms. Streeter worked approximately ten to twenty hours of overtime per week.

38. Ms. Streeter was paid an annual salary of $53,000.00, equivalent to $25.48 per hour, from November 2, 2015 through April 2, 2016, and she received the same salary even in weeks in which she worked in excess of forty hours, without any additional compensation.

39. Ms. Streeter was paid an annual salary of $65,000.00, equivalent to $31.25 per hour, from April 3, 2016 through March 15, 2017, and she received the same salary even in weeks in which she worked in excess of forty hours, without any additional compensation.

40. At all times material to this Complaint, Adaptasoft knew or had reason to know that it regularly suffered or permitted Plaintiff to work in excess of 40 hours in a workweek.

41. Adaptasoft deprived Plaintiff of overtime for hours she worked in excess of 40 hours in a workweek.

42. At all times material to this Complaint, Adaptasoft intentionally misclassified Ms.

Streeter as an exempt executive and/or administrative employee in order to not pay her overtime premiums that she was entitled to receive.

43. At all times material to this Complaint, Adaptasoft knew that the way the FLSA was being interpreted, as well as how State laws incorporating FLSA standards were being interpreted, undermined their characterization of Plaintiff as an exempt executive and/or administrative employee.

44. Adaptasoft disregarded the palpable risk that Plaintiff was misclassified as an exempt executive and/or administrative employee despite its exposure to the FLSA and parallel State laws.

45. Adaptasoft acted willfully, knowingly, and/or recklessly in persisting with the misclassification of Plaintiff as an exempt executive and/or administrative employee.

## V. Causes of Action

### A. First Count: Fair Labor Standards Act (FLSA) Violation

46. Adaptasoft acted willfully, knowingly, and/or recklessly in persisting with the misclassification of Plaintiff as an exempt executive and/or administrative employee.

47. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48. The FLSA requires that covered employees be compensated for every hour worked in a workweek.

49. The FLSA requires that covered employees receive overtime compensation calculated at a rate of one-and-one-half their regular rate of pay for all hours worked in excess of 40 hours in a work week.

50. During all relevant times, Ms. Streeter was a covered employee entitled to the

FLSA's protections.

51. During all relevant times, Ms. Streeter was not exempt from receiving overtime benefits under the FLSA because, *inter alia*, she was not an "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA. See 29 C.F.R. §§541.0, *et seq.*

52. Adaptasoft is a covered employer under the FLSA and required to comply with its mandates.

53. Adaptasoft's practice and policy of misclassifying Plaintiff as an exempt and/or executive employee violated the FLSA, 29 U.S.C §§ 201-219.

54. Adaptasoft's failure to pay Ms. Streeter overtime compensation at the rate of one-and-one-half times her regular rate of pay for all the hours she worked over 40 hours each workweek willfully, knowingly, and/or recklessly violated the FLSA, 29 U.S.C. §§ 201-219, and deprived Plaintiff overtime she had earned.

**B.   Second Count: Ohio Minimum Fair Wage Standards Act Violation**

55. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

56. The OMFWSA, R.C. Ch. § 4111 requires that covered employees receive overtime compensation calculated at a rate of one-and-one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

57. During all relevant times, Ms. Streeter was a covered employee entitled to the Ohio Act's protections.

58. During all relevant times, Ms. Streeter was not exempt from receiving overtime benefits under the Ohio Act because, inter alia, she was not an "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA. See 29 C.F.R. §§541.0, *et seq.*

59. Adaptasoft is a covered employer under the Ohio Act and required to comply with its mandates.

60. Adaptasoft's practice and policy of misclassifying Plaintiff as an exempt and/or executive employee violated the OMFWSA, R.C. Ch. § 4111.

61. Adaptasoft's failure to pay Plaintiff overtime compensation at the rate of one-and-one- half times her regular rate of pay for all hours that she worked in excess of 40 hours each workweek willfully, knowingly, and/or recklessly violated the OMFWSA, Ohio R.C. Ch. § 4111, and deprived Plaintiff of overtime she had earned.

## VI. Prayer for Relief

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Declare that Adaptasoft has violated the FLSA and the OMFWSA;

B. Award Plaintiff actual damages for unpaid overtime compensation;

C. Award Plaintiff liquidated damages equal in the amount of the unpaid overtime compensation;

D. Award Plaintiff pre- and post-judgment interest at the statutory rate;

E. Award Plaintiff attorneys' fees and costs; and

F. Award Plaintiff such further and additional relief as this Court deems just and proper.

Respectfully submitted,

By: */s/ Edward R. Forman*_____
Edward R. Forman (0076651)
*(eforman@marshallandmorrow.com)*
John S. Marshall (0015160)
*(jmarshall@marshallandmorrow.com)*
Samuel M. Schlein (0092194)
*(sschlein@marshallandmorrow.com)*
MARSHALL AND MORROW LLC
250 Civic Center Dr., Suite 480
Columbus, Ohio 43215-5296
(614) 463-9790
Fax (614) 463-9780

**OF COUNSEL:**
Louis A. Jacobs (002101)
(*LAJOhio@aol.com*)
177 19th St., Apt. 9C
Oakland, CA 94612
(614) 203-1255
Fax (510) 250-9007

## JURY DEMAND

Plaintiff demands a trial by jury on all issues and defenses triable to a jury.

By: */s/ Edward R. Forman*_____
Edward R. Forman (0076651)