# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ANGELLA STREETER, | : | |
| | : | Case No. 2:17-cv-01125 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Kimberly Jolson |
| ADAPTASOFT, INC., | : | |
| | : | |
| Defendant. | : | |

## OPINION & ORDER

This matter is before the Court on Defendant Adaptasoft, Inc.'s Motion to Dismiss for Forum Non Conveniens, or, in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Motion to Dismiss"). (ECF No. 7). Defendant requests that Plaintiff's Complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) with prejudice, arguing that venue is improper because an employment agreement between the parties contains a forum selection clause designating Indiana as the forum in which disputes must be brought. (ECF No. 7). Alternatively, Defendant argues that this case should be transferred to the United States District Court for the Northern District of Indiana if no forum selection clause is operative.

Also before the Court are (1) Defendant Adaptasoft, Inc.'s Motion for Judgment on Defendant's Motion to Dismiss for Forum Non Conveniens, or, in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. 1404(a) ("Motion for Judgment") (ECF No. 11), and (2) Plaintiff's Motion to File Surreply in Response to Defendant's Motion to Dismiss for Forum Non Conveniens, or, in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Motion to File Surreply") (ECF No. 20).

For the reasons set forth herein, Defendant's Motion for Judgment is **DENIED AS MOOT**; Plaintiff's Motion to File Surreply is **DENIED**; and Defendant's Motion to Dismiss is **DENIED**.

## I. BACKGROUND

### A. Factual Background

Defendant Adaptasoft, Inc. ("Adaptasoft") was[1] an Indiana corporation headquartered in Monon, White County, Indiana. (ECF No. 7 at 2). Adaptasoft provided various services, including payroll software, consulting, business startup, and marketing services. (ECF No. 7 at 2). Plaintiff Angella Streeter worked remotely for Adaptasoft from November 2, 2015 through March 15, 2017, while she lived in Ohio. (ECF No. 1 at 2). According to Adaptasoft's Motion to Dismiss, Ms. Streeter was the only Adaptasoft employee to work from or live in Ohio. (ECF No. 3). Adaptasoft had no corporate offices outside of Monon; was not incorporated in Ohio; owned no subsidiaries incorporated in Ohio; owned no property in Ohio; held no bank accounts in Ohio; and had no business offices in Ohio. (ECF No. 7 at 3). Moreover, its officers and directors did not reside in Ohio nor were they domiciled there, and Adaptasoft did not conduct board or shareholder meetings in Ohio. (ECF No. 7 at 3–4).

Ms. Streeter was hired to work at Adaptasoft by the company's President and Chief Executive Officer, Constance Martin. Ms. Streeter's title, according to her employment agreement, was Client Care Specialist/Admin. Support, but she was at times referred to as a Customer Relations Manager. (ECF No. 1 at 1). Her primary duties included customer service,

---

[1] Adaptasoft, according to its Motion to Dismiss, "formally ceased its business operations as of October 20, 2017 and all assets of the company are now the property of CyberPay." (ECF No. 7 at 3). However, according to the Parties' factual allegations, at all relevant times Ms. Streeter was employed by Adaptasoft itself, and Constance Martin, who hired Ms. Streeter, remained the President and CEO. At this stage, neither party has raised any factual or legal issues surrounding Adaptasoft's transition to CyberPay. Throughout this Opinion, Adaptasoft and CyberPay are referred to somewhat interchangeably.

answering calls and emails, making travel arrangements for staff and visitors, ordering business cards, mailing holiday cards to clients, and creating PowerPoint slides as directed. (ECF No. 1 at 3). Additionally, she provided administrative support to the technical staff and updated information on the company's website and social media accounts. (ECF No. 1 at 3). Ms. Streeter did not have any responsibility for hiring or terminating other Adaptasoft employees, she did not have access to personnel records, she did not customarily and regularly direct or control the work of two or more other full-time employees, and she did not create or develop products. (ECF No. 1 at 3–6).

Ms. Streeter alleges that she worked approximately ten to twenty overtime hours each week on average but was paid an annual salary that did not compensate her for such overtime hours. (ECF No. 1 at 7). She contends that Adaptasoft "knew or had reason to know" that she worked overtime, deprived her of compensation for her overtime hours, and "intentionally misclassified [her] as an exempt executive and/or administrative employee in order to not pay her overtime premiums that she was entitled to receive." (ECF No. 1 at 7–8).

**B. Procedural History**

Ms. Streeter initiated this action against Adaptasoft on December 21, 2017, alleging violations of the Fair Labor Standards Act ("FLSA") (Count 1) and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") (Count 2). (ECF No. 1). The Complaint seeks monetary, declaratory, and injunctive relief from Adaptasoft for the alleged violations. Ms. Streeter contends that she was misclassified as an overtime-exempt executive or administrative employee and that she regularly worked in excess of forty hours per week but was not paid overtime wages. (ECF No. 1).

After waiving service, (ECF No. 2), Adaptasoft filed its Motion to Dismiss. (ECF No. 7). According to Adaptasoft, an Employment Agreement between Ms. Streeter and Adaptasoft contains a "forum selection clause that mandates that all disputes related to Plaintiff's employment are to be brought in Indiana." (ECF No. 7 at 1). On the basis of the forum selection clause, Adaptasoft seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(3). (ECF No. 7 at 1). In the alternative, Adaptasoft asks that the Court transfer this case to the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. § 1404(a). (ECF No. 7 at 1).

When Ms. Streeter failed to respond timely to the Motion to Dismiss, Adaptasoft filed its Motion for Judgment. (ECF No. 11). Upon Ms. Streeter's motion, however, the Magistrate Judge granted Ms. Streeter an extension of time to file her response to the Motion to Dismiss. (ECF No. 15). Ms. Streeter then timely filed her Memorandum in Opposition to the Motion to Dismiss. (ECF No. 16). Subsequently, Adaptasoft filed its Reply to Ms. Streeter's response. (ECF No. 19). Ms. Streeter then filed her Motion to File Surreply. (ECF No. 20). Adaptasoft's Motion to Dismiss and Motion for Judgment, as well as Ms. Streeter's Motion to File Surreply, are ripe for review.

## II. LAW AND ANALYSIS

### A. Adaptasoft's Motion for Judgment

Adaptasoft requests that the Court enter judgment on its Motion to Dismiss. (ECF No. 11). Adaptasoft filed its Motion to Dismiss on February 26, 2018. (ECF No. 11). Ms. Streeter's response thereto was due March 19, 2018. (ECF No. 15). Adaptasoft then filed the Motion for Judgment on March 21, 2018, requesting that the Court rule on the Motion to Dismiss due to Ms. Streeter's failure to respond. (ECF No. 11). Although Ms. Streeter did not respond, the Magistrate Judge granted her until March 27, 2018 to do so. (ECF No. 15). Ms. Streeter then timely filed a memorandum in opposition to the Motion to Dismiss. (ECF No. 16). Subsequently, Adaptasoft

filed a reply to Ms. Streeter's memorandum in opposition, (ECF No. 19), and Ms. Streeter later filed her Motion to File Surreply. (ECF No. 20). The Motion to Dismiss and subsequent memoranda are now before the Court for review. Given this procedural posture, the Motion for Judgment is **DENIED AS MOOT**.

### B. Ms. Streeter's Motion to File Surreply

If Ms. Streeter were granted leave to file a surreply, the contents of the surreply would be before the Court for consideration when ruling on Adaptasoft's Motion to Dismiss. Thus, as a preliminary matter, the Court must decide whether to grant leave. The Court's Local Civil Rules permit the filing of a supporting memorandum, a memorandum in opposition, and a reply memorandum. S.D. Ohio Civ. R. 7.2(a)(2); *see also Power Mktg. Direct, Inc. v. Moy*, No. 2:08–cv–826, 2008 WL 4849289, at *1 (S.D. Ohio Nov. 6, 2008). If a party intends to file additional memoranda, such as a surreply, it cannot do so "except upon leave of court for good cause shown." S.D. Ohio Civ. R. 7.2(a)(2). While the Court's Local Civil Rules do not define good cause, "this Court has consistently held that in order for a party to be given permission to file a sur-reply, the reply brief must raise new grounds that were not presented as part of the movant's initial motion." *Comtime Holdings, LLC v. Booth Creek Mgmt. Corp.*, No. 2:07–cv–1190, 2010 WL 4117552, at *4 (S.D. Ohio Oct. 19, 2010) (citations omitted). The Local Civil Rules also provide that "[e]vidence used to support a reply memorandum shall be limited to that needed to rebut the positions argued in memoranda in opposition." S.D. Ohio Civ. R. 7.2(d).

Ms. Streeter seeks leave to file a surreply in order to address purportedly new evidence and arguments submitted by Adaptasoft in its Reply. (ECF No. 20). First, Ms. Streeter contends that Adaptasoft presented new evidence in the form of an affidavit of Ms. Martin, as well as an exhibit showing text messages between Ms. Streeter and Ms. Martin concerning Ms. Streeter's hire. *Id.*

5

Second, Ms. Streeter contends that Adaptasoft made a new argument, on the basis of such evidence, that it had allowed Ms. Streeter to work in Ohio upon her request and for her convenience rather than as part of Adaptasoft's effort to expand its business operations into Ohio.[2] *Id.* Third, Ms. Streeter contends that new arguments were made concerning her level of interaction with Ohio clients of Adaptasoft.[3] *Id.* Finally, Ms. Streeter contends that Adaptasoft introduced a new argument as to the burden on Ms. Streeter of litigating this matter in Indiana compared to Ohio. *Id.* Adaptasoft filed no response to Ms. Streeter's motion for leave.

The Court finds that Ms. Streeter has failed to show good cause for leave to file a surreply. The first three issues the surreply seeks leave to address are not properly considered new arguments. Ms. Streeter first raised the issue of why she worked from Ohio rather than Indiana when she argued that Adaptasoft determined she would work there as part of its efforts to avail itself of the benefits of doing business in that state. *See* (ECF No. 16). The issue of whether Ms. Streeter was allowed to work in Ohio at her request and for her convenience, rather than as part of Adaptasoft's effort to expand its business operations into Ohio, was raised in Adaptasoft's Motion to Dismiss, and then addressed in Ms. Streeter's Memorandum in Response. (ECF No. 7 Ex. B at ¶ 24); (ECF No. 16 at 6) ("Plaintiff's litigation is a result of injuries that 'arise out of or relate to' work that Plaintiff performed at the direction of Defendant, *who determined that Plaintiff would work remotely out of her home in Ohio*.") (italics added). Similarly, no new arguments were made concerning her level of interaction with Ohio clients of Adaptasoft, as the issue was first raised in Adaptasoft's Motion to Dismiss. (ECF No. 7 Ex. B at ¶ 24).

---

[2] Ms. Streeter did not specifically make this argument in her memorandum in support of her Motion to File Surreply, but rather in the proposed surreply attached to said Motion. However, the Court considers it here to evaluate whether there is good cause to grant leave.

[3] Once again, Ms. Streeter made this argument in the proposed surreply, but the Court considers it here to evaluate whether there is good cause to grant leave.

Finally, Ms. Streeter's assertion that Adaptasoft presented a new argument "that it would not cause any burden on the Plaintiff to litigate claims in a different forum and contrasted this with its own burden of litigating claims in Ohio[,]" (ECF No 20), does not show good cause for leave. Adaptasoft did not argue that Ms. Streeter would not be burdened by litigating her claims in Indiana, nor did it present any argument as to the relative burden Ms. Streeter would face if she were to litigate her claims in Indiana instead of Ohio. Instead, Adaptasoft argued that Ms. Streeter failed to give any reason why a transfer of this case to Indiana would burden her. (ECF No. 19 at 5). Thus, Adaptasoft did not present a "new" argument. Even if Adapasoft is attempting to imply that Ms. Streeter would suffer no burden from such a transfer, the Court is confident that it can weigh the parties' arguments on this issue without drawing any improper conclusions. For the foregoing reasons, Ms. Streeter's Motion to File Surreply is **DENIED**.

### C. Adaptasoft's Motion to Dismiss

In its Motion to Dismiss, Adaptasoft requests that Ms. Streeter's Complaint be dismissed with prejudice pursuant to Rule 12(b)(3) because the Employment Agreement contains a forum selection clause designating Indiana as the forum in which disputes are to be brought. (ECF No. 7). Alternatively, Adaptasoft argues for a transfer of venue to the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. § 1404(a). Ms. Streeter counters that the Employment Agreement does not contain a forum selection clause. Thus, dismissal pursuant to Rule 12(b)(3) is inappropriate on that basis. As to Adaptasoft's alternative argument, Ms. Streeter argues that a change of venue pursuant to 28 U.S.C. § 1404(a) is improper.

### 1. Forum Selection Clause

Adaptasoft's argument for dismissal pursuant to Rule 12(b)(3) is predicated on the existence of a valid and enforceable forum selection clause. The Court now considers whether such a clause exists and whether dismissal pursuant to Rule 12(b)(3) is appropriate.

Federal Rule of Civil Procedure 12(b)(3) provides that a defendant may move to dismiss for improper venue. Generally, "[a] forum selection clause should be upheld absent a strong showing that it should be set aside." *Wong v. PartyGaming Ltd.*, 589 F.3d 821 (6th Cir. 2009) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)). The Supreme Court of the United States has held, however, that a forum selection clause "may not be enforced by a motion to dismiss under . . . Rule 12(b)(3) of the Federal Rules of Civil Procedure. Instead, a forum-selection clause may be enforced by a motion to transfer under § 1404(a)[.]" *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 52 (2013). This is because Rule 12(b)(3) allows for "dismissal only when venue is 'wrong' or 'improper.' Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause." *Id.* at 55. The Court notes that Adaptasoft seeks to enforce the purported forum selection clause through dismissal for improper venue under Rule 12(b)(3). (ECF No. 7) ("Now comes Defendant, Adaptasoft . . . and respectfully move[s] to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3)[.]"). Adaptasoft makes no argument that venue is wrong or improper on other grounds. To grant Adaptasoft's motion pursuant to Rule 12(b)(3) would be contrary to law.

Even assuming Adaptasoft had properly sought enforcement, the Court agrees with Ms. Streeter that no enforceable forum selection clause exists in this case. Generally, the Court must

look to three factors when evaluating the enforceability of a forum selection clause: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Wong v. PartyGaming Ltd.*, 589 F.3d 821 (6th Cir. 2009) (citing *Sec. Watch Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 375 (6th Cir. 1999)).

The language purportedly constituting a forum selection clause is contained in the Employment Agreement signed November 2, 2015. (ECF No. 7 Ex. C, at ¶ 18). Paragraph Eighteen of the Agreement states in full:

> 18. Governing Law.
>     (a) This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Indiana without regard to principles of conflict of laws.

(ECF No. 7 Ex. C). In its Motion to Dismiss, Adaptasoft largely takes for granted that Paragraph Eighteen constitutes a forum selection clause. Aside from conclusory assertions to that effect, the only argument Adaptasoft presents on that issue is that Paragraph Eighteen is analogous to the language found in the case of *Villanueva v. Barcroft*, 822 F. Supp. 2d 726 (N.D. Ohio 2011). *See* (ECF No. 7 at 8). In *Villanueva*, the court examined the following provision and determined that it unambiguously contained both a forum selection clause and a choice of law provision:

> Any and all legal issues will be brought through the state of Michigan and will follow the laws and guidelines of the state of Michigan.

*Villanueva*, 822 F. Supp. 2d at 734–35. Adaptasoft argues that just as the phrase "[a]ny and all legal issues will be brought through the state of Michigan" was a forum selection clause in *Villanueva*, "[s]o, too, in our Agreement, the clause provides clear direction on the choice of forum

9

by stating that the Agreement **shall** be <u>enforced</u> in Indiana." (ECF No. 7 at 8) (emphasis in original).

In her Memorandum in Opposition, Ms. Streeter argues that Paragraph Eighteen is not a forum selection clause. (ECF No. 16 at 1). Rather, Ms. Streeter contends, it is a choice of law provision. (ECF No. 16 at 1). In support of her position, Ms. Streeter points to the heading of Paragraph Eighteen, "Governing Law," as an indicator that the language is directed at choice of law. (ECF No. 16 at 3). Ms. Streeter also notes that the language of Paragraph Eighteen itself, including "the very words that the Defendant noted with emphasis—'shall be governed by and construed and enforced' in the 'State of Indiana'[,]" suggests that it is not a forum selection clause. (ECF No. 16 at 3) (emphasis omitted). Moreover, Ms. Streeter highlights Paragraphs Ten and Twelve of the Agreement, which each select a specific forum in Indiana for arbitration and mediation, respectively, to demonstrate that Adaptasoft was capable of drafting a forum selection clause but did not include such a clause in Paragraph Eighteen. (ECF No. 16 at 3–4); *see also* (ECF No. 7 Ex. C at 4–5). Finally, Ms. Streeter asserts that Paragraph Eighteen includes no similar language to that which the *Villanueva* court determined was a forum selection clause. (ECF No. 16 at 5). In that regard, Ms. Streeter states that even if the Court believes Paragraph Eighteen is ambiguous, such ambiguity should be construed against the drafter, Adaptasoft. (ECF No. 16 at 5).

A plain reading of Paragraph Eighteen reveals that Ms. Streeter correctly interpreted the provision—it is not a forum selection clause. To interpret it as Adaptasoft does would be to stretch beyond credibility the clear meaning of its unambiguous language. Essentially, the provision states that the Agreement will be controlled by the laws of Indiana. It says nothing about where any disputes concerning the Agreement must be brought. It does not indicate that any issues will be

brought "through" the state of Indiana, as in *Villanueva*, nor does it even imply that the Agreement will be "enforced in" Indiana. Moreover, Adaptasoft presented no compelling reason why the Court should read Paragraph Eighteen in conjunction with any other portion of the Agreement in order to transform its plain, unambiguous language into a forum selection clause.

The Court finds that the Employment Agreement does not contain a valid and enforceable forum selection clause. Adaptasoft has failed to demonstrate that dismissal is warranted. Accordingly, the Motion to Dismiss is **DENIED** to the extent that it seeks dismissal of this action on the basis of a forum selection clause.

### 2. Transfer of Venue Pursuant to 28 U.S.C. § 1404(a)

Adaptasoft requests, in the alternative, a transfer of venue to the United States District Court for the Northern District of Indiana. (ECF No. 7). Adaptasoft seeks a change of venue pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought[.]" The application of § 1404(a) is limited "to the transfer of actions commenced in a district court where both personal jurisdiction and venue are proper." *Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir. 1980). Thus, "[e]ven if venue is proper, the district court still may transfer the case to a more convenient forum pursuant to the provisions of 28 U.S.C. § 1404(a)[.]" *Bunting ex rel. Gray v. Gray*, 2 F. App'x 443, 448 (6th Cir. 2001). The statute requires "that the transfer would serve the convenience of the parties and witnesses, that the transfer would serve the interest of justice, and that the transferred action could have been brought in the transferee court." *Bunting ex rel. Gray v. Gray*, 2 Fed. App'x 443, 448 (6th Cir. 2001) (citations omitted). Whether to grant a change of venue "under § 1404(a) lies

within the discretion of the district court." *Bunting ex rel. Gray v. Gray*, 2 Fed. App'x 443, 448 (6th Cir. 2001) (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 31–33 (1955)).

Typically, in a case not involving a forum selection clause, "a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 62 (2013) (footnote omitted). This Court has previously stated that "'[a] plaintiff's choice of forum is given great weight[,]'" and a defendant "'must make a strong showing of inconvenience to warrant upsetting the Plaintiff's choice of forum.'" *Shanehchian v. Macy's, Inc.*, 251 F.R.D. 287, 289 (S.D. Ohio Apr. 16, 2008) (citing *Hobson v. Princeton–New York Investors, Inc.*, 799 F. Supp. 802, 804, 805 (S.D. Ohio 1992)). Venue should not be transferred unless the factors of the convenience of the parties and potential witnesses, and the interests of justice, "weigh heavily in favor of the defendant." *Id.* at 289 (citing *West American Ins. v. Potts,* 908 F.2d 974, 1990 WL 104034 at *2 (6th Cir.1990)). The threshold question is whether the action "might have been brought" in the transferee court, and, if such is the case, the issue becomes whether transfer is justified under the balance of the § 1404(a) factors. *Id.* (citations omitted).

As to the threshold consideration, § 1404(a) provides that, "[a]n action might have been brought in the transferee court if: (1) the transferee court has jurisdiction over the subject matter of the action; (2) venue is proper in the transferee court; and (3) the defendants are amenable to process issuing out of the transferee court." *Pacific Life Ins. Co. v. U.S. Bank Nat'l Ass'n*, No. 1:15–cv–416, 2016 WL 223683, at *3 (S.D. Ohio Jan. 19, 2016) (citing *Sky Tech. Partners, LLC v. Midwest Research Inst.*, 125 F. Supp. 2d 286, 291 (S.D. Ohio Dec. 21, 2000)). Here, the parties have expressed no disagreement over whether the threshold consideration is met, and the Court finds that it is. The transferee court would have federal question jurisdiction over Ms. Streeter's

FLSA claim (Count 1). *See* 28 U.S.C. 1331. Additionally, it would have supplemental jurisdiction over Ms. Streeter's OMFWSA claim (Count 2), because it is so related that it forms part of the same case or controversy. *See* 28 U.S.C. 1367. Adaptasoft not only does not dispute personal jurisdiction in the transferee court, it clearly stated that it is subject to jurisdiction there. *See* (ECF No. 7 at 10). Indeed, Adaptasoft is a corporation headquartered in White County, Indiana, which is situated in Indiana's northern judicial district. Adaptasoft is amenable to process issuing out of that court. Venue is therefore also proper under 28 U.S.C. §§ 1391(b)(1) and (c)(2). Thus, this action might have been brought in the United States District Court for the Northern District of Indiana.

Proceeding to the second stage of the § 1404(a) analysis, the Court now must examine "whether, on balance, the considerations of the parties and the interests of justice favor transfer." *Pacific Life Ins. Co. v. U.S. Bank Nat'l Ass'n*, No. 1:15–cv–416, 2016 WL 223683, at *2 (S.D. Ohio Jan. 19, 2016) (citing *Kay v. Nat'l City Mtg. Co.*, 494 F. Supp. 2d 845, 849–50 (S.D. Ohio July 9, 2004)). A motion to transfer "calls on the district court to weigh in the balance a number of case-specific factors." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). At this second stage, "[t]he balance of convenience, considering all the relevant factors, should strongly favor transfer before such will be granted." *Pacific Life Ins. Co.*, 2016 WL 223683, at *2 (citing *Kay*, 494 F. Supp. 2d at 850). The Sixth Circuit concluded that "in ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)). The party moving for transfer "bears 'the burden of establishing

the need for a transfer of venue.'" *DRFP, LLC v. Republica Bolivariana de Venezuela*, 945 F. Supp. 2d 890, 903 (S.D. Ohio May 14, 2013) (quoting *Dayton Superior Court v. Yan*, 288 F.R.D. 151, 165 (S.D. Ohio Nov. 29, 2012)). A change of venue is improper when it "serves merely to shift the inconvenience from the plaintiff to the defendant." *Lassak v. American Defense Systems, Inc.*, No 2:06–cv–1021, 2007 WL 1469408, at *2 (S.D. Ohio May 18, 2007) (citing *Raymond E. Danto Associates, Inc. v. Arthur D. Little, Inc.*, 316 F. Supp. 1350 (E.D. Mich. 1970)).

Beginning with private interests, Adaptasoft argues that the convenience of the witnesses, the ease of access to evidence, and the convenience to the parties weighs in favor of transfer to Indiana. (ECF No. 7). First, considering the convenience of the witnesses, the Court notes that it is an important factor, but many courts have recognized "the rule that, upon a motion to change venue the convenience of witnesses who are a party's employees will not ordinarily be considered, or at least, that the convenience of such employees will not generally be given the same consideration as is given to other witnesses." *Zimmer Enterprises, Inc. v. Atlandia Imports, Inc.*, 478 F. Supp. 2d 983, 991 (S.D. Ohio Mar. 13, 2007) (citing 74 A.L.R.2d 16, § 16(b) (2005)).

Adaptasoft identified twenty-eight potential witnesses, including Ms. Streeter. (ECF No. 7 Ex. B). Of those, only seventeen are located in Indiana, and the remaining eleven potential witnesses are located outside of Indiana or, in the case of Ms. Streeter, in Ohio. Adaptasoft presented no argument as to why Indiana would be more a more convenient forum for those eleven witnesses; Indiana and Ohio appear to be equally convenient for ten of them, and Ohio is more convenient for Ms. Streeter. Of the seventeen who are located in Indiana, ten of the potential witnesses are current employees of Adaptasoft. The convenience of those ten current employees is given less consideration. *See Zimmer Enterprises, Inc.*, 478 F. Supp. 2d at 991. There are thus only seven remaining witnesses located in Indiana—former Adaptasoft employees—for whom

Indiana appears to be the more convenient forum. The convenience of the witnesses does therefore weigh slightly in favor of transfer, though not as strongly as Adaptasoft would have this Court believe. Indeed, Adaptasoft's reasoning could easily be extended to argue that in every case where a company is a defendant, venue should be in the city where the defendant is located, because the majority of defendant's witnesses live there. This Court is unwilling to so hold and finds that this factor determinative.

As to the convenience to the parties themselves, Adaptasoft argues that the absence of key employees from CyberPay, many of whom Adaptasoft identified as potential witnesses in this case, "will have a catastrophic effect on CyberPay's ability to service its clients." (ECF No. 7 at 13). Ms. Streeter contests that "venue in the forum state would be unduly burdensome on [Adaptasoft's] business because of the number of witnesses Defendant plans to use." (ECF No. 16 at 7). Ms. Streeter argues that, considering modern technology and the "improbable likelihood" that all of Adaptasoft's potential witnesses would be required to travel to Ohio at the same time, the impact on Adaptasoft's business is apparently minimal. (ECF No. 16 at 7–8).

The Court recognizes that Adaptasoft may suffer some inconvenience if its current employees must appear in Ohio. The Court is not persuaded, however, that the inconvenience to Adaptasoft outweighs the inconvenience to Ms. Streeter if she were required to litigate her claims in Indiana. The Court is not convinced that Adaptasoft will suffer "catastrophic" effects resulting from the absence of CyberPay's employees if this case were litigated in Ohio. (ECF No. 7 at 13). Even if CyberPay's clients require immediate assistance at some point in time when witnesses were required to be in Ohio, Adaptasoft has given no reason for the Court to believe that litigating here would mean that not a single Adaptasoft employee was available to aid its clients, or that witnesses in this case could not help their clients remotely while in Ohio. Indeed, Adaptasoft's

own employment agreements notes "with the use of computers and the internet, the physical location of a programmer . . . is not relevant." (ECF No. 16-1 at ¶ 7(b)).  Adaptasoft asserts that the need for immediate assistance by CyberPay employees has occurred in the past, but it provides no facts as to how recently or frequently that happens, the likelihood that it would happen again, the maximum number of employees who could be away from CyberPay's offices at any given time or for how long if happens again, or any other details that would suggest the inconvenience to CyberPay would be significantly greater than that to Ms. Streeter herself, depending on the forum. Ms. Streeter would almost certainly be inconvenienced if required to travel to Indiana for litigation. Moreover, given that a change of venue is improper when it "serves merely to shift the inconvenience from the plaintiff to the defendant[,]" *Lassak v. American Defense Systems, Inc.*, No 2:06–cv–1021, 2007 WL 1469408, at \*2 (S.D. Ohio May 18, 2007) (citing *Raymond E. Danto Associates, Inc. v. Arthur D. Little, Inc.*, 316 F. Supp. 1350 (E.D. Mich. 1970)), the Court will not weigh this factor in favor of transfer.

As to the relative ease of access to evidence, the Court finds this factor inconclusive. Adaptasoft argues many of the documents relevant to this case, including Ms. Streeter's employment files, are "located at the Company headquarters for CyberPay" in Indiana.  (ECF No. 7 at 13).  Ms. Streeter did not contest that such documents are located in Indiana.  *See* (ECF No. 16).  However, the extent of evidence located there is unclear, as is whether the evidence is in physical, hard-copy form, or whether it is easily available electronically.  Thus, the Court finds that the information and arguments presented here do not establish that this factor weighs strongly in favor of transfer.  In sum, the private interests of convenience of witnesses weights slightly—but not strongly—in favor of transfer, and the remaining private interest factors are inconclusive.

Turning to the public interest factors, Adaptasoft argued that "the strong interest in having localized controversies decided at home tips the scales in favor of having this case transferred." (ECF No. 7 at 14). To support this conclusion, Adaptasoft argued that "[c]ertainly, the Northern District of Indiana has an interest in resolving a dispute about a Company located within its jurisdiction, versus a remote court with no real ties to the Company or dispute at issue." (ECF No. 7 at 15). Ms. Streeter counters that Ohio does have in interest in this dispute: "Ohio has a public interest in how its residents and employees are treated by foreign corporations who purposefully direct activity towards the State." (ECF No. 16 at 8). The Court agrees that Ohio has an interest in how its residents are treated by foreign corporations. And, of course, Indiana has an interest in resolving a dispute about a company located in its jurisdiction. Thus, the public interest factor of having localized controversies decided at home weighs in favor of neither forum.

In addition, Ms. Streeter contends that the disparity in bargaining power between Ms. Streeter and Adaptasoft as employee and employer, respectively, weighs against transfer. (ECF No. 16 at 8). Though Ms. Streeter does not fully develop this argument, the Court agrees that the public has an interest in protecting the rights of individuals against corporations with more bargaining power. Merely because a corporation has more employees in one state, for instance, or because a corporation is in control of most of the documentary evidence, an individual plaintiff should not be forced to litigate her claims where the corporation has its place of business. Thus, the Court finds the public interest in this case weighs slightly in favor of litigating the claims in the Southern District of Ohio, the plaintiff's choice of forum.

Considering all of the private and public interests, the Court finds overall that Adaptasoft has not made a sufficiently "'strong showing of inconvenience to warrant upsetting the Plaintiff's choice of forum.'" *Shanehchian v. Macy's, Inc.*, 251 F.R.D. 287, 289 (S.D. Ohio Apr. 16, 2008)

(citing *Hobson v. Princeton–New York Investors, Inc.*, 799 F. Supp. 802, 804, 805 (S.D. Ohio 1992)). Venue should not be transferred because the relevant factors do not "weigh heavily in favor of the defendant." *Id.* at 289 (citing *West American Ins. v. Potts,* 908 F.2d 974, 1990 WL 104034 at *2 (6th Cir.1990)). The Court, in its discretion, therefore declines to transfer venue and Adaptasoft's Motion to Dismiss in so far as it seeks transfer pursuant to 28 U.S.C. § 1404(a) is **DENIED**.

## IV. CONCLUSION

In summary, Defendant Adaptasoft, Inc.'s Motion to Dismiss for Forum Non Conveniens, or, in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), (ECF No. 7), is **DENIED**. Defendant's request for dismissal on the basis of a forum selection clause cannot be granted because no forum selection clause exists in this case. Moreover, Defendant's request that this case be transferred to the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. § 1404(a) fails because Defendant did not demonstrate that a transfer of venue is appropriate. Plaintiff's Motion to File Surreply in Response to Defendant's Motion to Dismiss for Forum Non Conveniens, or, in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), (ECF No. 11), is **DENIED AS MOOT**. Finally, Plaintiff's Motion to File Surreply in Response to Defendant's Motion to Dismiss for Forum Non Conveniens, or, in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), (ECF No. 20), is **DENIED**.

**IT IS SO ORDERED.**

                                                                  s/ Algenon L. Marbley
**DATED: August 23, 2018**        **ALGENON L. MARBLEY**
                                                                   **UNITED STATES DISTRICT JUDGE**